IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE E. CRAWFORD, | : | CIVIL NO. 1:CV-11-1251 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JEROME W. WALSH, et al., | : | |
| Defendants | : | |

**MEMORANDUM**

Lee E. Crawford ("Crawford"), at the time an inmate at the State Correctional Institution at Dallas (SCI-Dallas), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. It appears he has since been released from prison. Named as Defendants are the following officials and employees at SCI-Dallas: Jerome W. Walsh, Superintendent; Nancy Fedor, Mailroom Supervisor; Captain Pall, Security Captain; Correctional Officer Stephen Robertson; David L. Popek, Business Manager; and Robin Lucas, Grievance Coordinator. Also named as a Defendant is Dorina Varner, Chief Grievance Officer for the Pennsylvania Department of Corrections ("DOC"). Crawford seeks leave to proceed in forma pauperis in this matter.[1] (Doc. No. 6.) Pursuant to 28 U.S.C. § 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted. For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Crawford completed this Court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on July 18, 2011 (Doc. No. 8), directing the warden at SCI-Dallas to commence deducting the full filing fee from Crawford's prison trust fund account. As such, his motion to proceed in forma pauperis (Doc. No. 6) will be granted.

I.    **Allegations of the Complaint**

Crawford alleges that he was incarcerated as a parole violator on July 21, 2010. Upon arrival at SCI-Dallas he states his Mavado watch worth $1,200 and his diamond stud earrings worth $400 were confiscated. He states he received a confiscation slip for the items. On August 30, 2010, Defendant Robertson came to his cell and told him he had to send the items home. Crawford was instructed to fill out a cash slip so that postage could be deducted from his inmate account. He was going to send the items to his fiancee. After Crawford filled out the slip, Robertson verified his signature and identity. Crawford retained a copy of the cash slip, and the other copy was taken by Robertson for processing.

When Robertson asked Crawford where to send the items, Crawford orally gave Robertson his fiancee's name and address. Robertson wrote the information down on a second confiscation slip. Crawford states that he was not directed to fill out a mailing label, and that a block officer witnessed this. Subsequent thereto, Crawford states that he found out from his fiancee that she never received his items.

On September 22, 2010, Crawford wrote to Defendant Fedor with respect to the whereabouts of his items. On September 24, 2010, Fedor responded by telling Crawford to contact the post office located in Dallas, Pennsylvania. She also attached the alleged signed copy of Crawford's cash slip as originally authored by Robertson. Upon examination of the cash slip Crawford claims that it was not the original slip because the handwriting was not his, the date was different, and the officer's approval signature was not Robertson's. As such, Crawford believes this cash slip was a forgery.

On September 24, 2010, Crawford wrote to Defendant Pall. He thereafter met with Pall

on October 1, 2010.  Pall agreed that the handwriting on the cash slips did not match and said he would look into the matter.  On October 5, 2010, Crawford was summoned to the security office to meet with Pall.  Pall informed him that he spoke with Fedor who told him she had to rewrite the cash slip because she could not understand the writing on the original.  Fedor further stated that she may have changed the date because of this, and that she also had Crawford's identity and signature re-verified. Crawford thereafter questioned Pall with respect to the prison policy requiring all cash slips to be time-date stamped by the by the mailroom upon the receipt and sending of mail.  This procedure is what permits the withdrawal of the mailing fee from an inmate's account.  Crawford also points to the procedures set forth in DC-ADM 803 with respect to sending out packages.   Pall informed Crawford that Fedor recalls wrapping his items in bubble wrap prior to sending them out and suggested that he follow up with the Dallas, Pennsylvania Post Office with respect to the missing package.

   On October 6, 2010, Crawford filed a DOC request with Fedor, a grievance (#338168), and an official complaint with the DOC Office of Professional Responsibility.  He attaches each of these documents as exhibits to the complaint.  On October 8, 2010, Defendant Lucas received the grievance and forwarded it to Defendant Popek for investigation.

   Popek responded to the complaint on October 25, 2010 and reiterated to Crawford what Pall and Fedor had previously told him.  Crawford was informed that there was nothing more the facility could do to assist him, that his mail and cash slip were handled in accordance with DOC policy and that his grievance requesting a refund for the value of the lost property was denied.  Crawford unsuccessfully appealed the denial to Defendant Walsh and thereafter to Defendant Varner.  Varner found no evidence that Fedor had tampered with the cash slips or stole

Crawford's property.

While in the process of pursuing his administrative remedies, Crawford instructed his fiancee to contact the Dallas, Pennsylvania Post Office.  According to Crawford's fiancee, the Post Office stated they had no record of any such items being mailed out.  Crawford believes that it is an "on going practice" at SCI-Dallas for an inmate's property to be lost/stolen and that the prison blames the post office for the loss.  In addition to filing a grievance, Crawford also states that he filed an official postal complaint.   In filing this action, Crawford maintains that through their actions, Defendants conspired to deprive him of his property/failed to prevent the loss of his property and that their responses to his questions are not reasonable.  He claims that he has been denied due process and that it is Defendants' responsibility to ensure the proper care, safety and security of his personal possessions.  Crawford seeks declaratory, injunctive and monetary relief.

**II.    Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis.  Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)  Federal Rule of Civil Procedure 12(b)(6) allows a defendant, in response to a complaint, to file a motion to dismiss a claim or claims for "failure to state a claim upon which relief can be granted . . . ."  Section 1915(e)(2)(B)(ii) provides this ground for summary dismissal of a complaint (before service) - - failure to state a claim under Rule 12(b)(6) principles.  A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the

claims alleged in the complaint.  Under Fed. R. Civ. P. 12(b)(6), the court must accept as true the factual allegations in the complaint, and construe any inferences to be drawn from the allegations in Plaintiff's favor.  See Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  "The assumption of truth does not apply, however, to legal conclusions couched as factual allegations or to '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Marangos v. Swett, No. 08-4146, 2009 WL 1803264 (3d Cir. June 25, 2009)(citing Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009).  In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain enough "facts to state a claim to relief that is plausible on its face" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and the factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal citations omitted); accord Iqbal, 129 S. Ct. at 1953.  The facts plead must offer more "than an unadorned, the defendant-unlawfully-harmed-me accusation."  Id., 120 S. Ct. at 1949 (internal quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Further, a district court should provide leave to amend "when amendment could cure the deficiency and would not be inequitable." Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Id. at 106.

    A civil rights claim cannot be brought to vindicate a prisoner's right to property when the

deprivation occurs as a result of a tortious and unauthorized act where an adequate remedy exists to compensate those who have suffered tortious loss at the hands of the state. Parratt v. Taylor, 451 U.S. 527, 543-44 (1981). The United States Supreme Court has extended Parratt to include intentional deprivations of property, holding that where a prisoner has an adequate post-deprivation remedy under state law for any loss suffered to his property, a civil rights claim is not available. Hudson v. Palmer, 468 U.S. 517, 532-33 (1984). The federal courts in Pennsylvania have recognized that both the DOC internal grievance procedure and the availability of a state tort suit in state court provide adequate post-deprivation remedies so as to satisfy due process requirements under Hudson. See, e.g., Edmonds v. Sobina, 295 F. App'x, 214, 217 n.5 (3d Cir. 2008); Austin v. Lehman, 893 F. Supp. 448, 454 (E.D. Pa. 1995); Payton v. Horn, 49 F. Supp. 2d 791, 795 (E.D. Pa. 1999). Consequently, regardless of whether the deprivation of property in the instant case was the result of intentional or negligent conduct, Crawford may not obtain relief via a civil rights complaint if he has adequate alternative remedies.

    Crawford can assert any claim relating to the deprivation of his personal property via the DOC's administrative remedy system. He is obviously aware of this remedy since he did file a grievance with respect to the loss of his property. Crawford also may assert a loss of property claim in Pennsylvania state court. Since both of these remedies are available to him, Crawford's claim of improper deprivation of property will be dismissed for failure to state a claim.[2]

---

[2] To the extent Crawford attempts to state a claim of conspiracy, said claim is also subject to dismissal in that Crawford fails to allege a violation of a federal right. Even if he had, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d

Accordingly, the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii).   An appropriate order follows.

---

543, 545 (10th Cir. 1989).  The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and place of conduct, and (3) the identity of the officials responsible for the conduct.  Oatess v. Sobolevitch, 914 F.2d 428, 432 n. 8 (3d Cir. 1990).  The essence of a conspiracy is an agreement or concerted action between individuals.  See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545.  A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right.  See id.; Rose, 871 F.2d at 366.  A plaintiff cannot rely on subjective suspicions and unsupported speculation.  Young v. Kann, 926 F.2d 1396, 1405 n. 16 (3d Cir. 1991).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE E. CRAWFORD,** | : | CIVIL NO. 1:CV-11-1251 |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **JEROME W. WALSH, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 11th day of April, 2012, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 6) is **granted**.

2. The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to **close this case**.

4. Any appeal taken from this order will be deemed frivolous, without probable cause and not taken in good faith.

        S/ Yvette Kane
        YVETTE KANE, Chief Judge
        Middle District of Pennsylvania